

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHN~~ ~~XXXXX~~ ~~XXXXXX~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5366

Re: Whether or not the Board
of Regents of a State
institution may delegate
to one of its members
the power to give the
advance written consent
to an employee to travel
outside the State, and
to approve the expense
account of such employee
for payment.

You make the following request for an opinion:

"Section 6 of House Bill No. 272, Acts of
the Regular Session of the Forty-seventh Legis-
lature, which is the General Appropriation Bill
for Educational Institutions of Higher Learning,
reads, in part, as follows:

"'No traveling expenses shall be in-
curred by Board Members, heads of in-
stitutions, or by any employee of any
of the schools, or other agencies
named therein, inside or outside of
the boundaries of the State of Texas,
except for state's business, and no
travel shall be performed outside the
state except upon the advance written
consent of the school's board of re-
gents or directors.'

"May the Board of Regents either by minutes or
resolution delegate to one of its members the
power to give the advance written consent to an
employee to travel outside the state and to
approve the expense account of such employee
for payment?"

Your inquiry should be answered in the negative.

Boards such as you mention are legal entities and are required to function as such. As such entity, the board functions precisely as an individual State officer functions -- personally.

It has several times been ruled by this Department that such boards may not function by individual action, but may function only in the orderly way of board proceedings.

In Opinion No. O-1126 this department held that the Texas State Parks Board had no authority to delegate its powers to another, but that it could perform its duties only through board action.

In Opinion No. O-5292 this department held as follows:

"From your question we understand that the Commission (State Commission for the Blind) desires to make a general authorization for expenditures and delegate to one or more of its individual members or to its executive secretary authority to approve all expenditures for payment without the necessity of further action by a majority of the Commission. In our opinion this can not be done and we therefore answer your question in the negative."

In Opinion No. O-5333 we held that the Board of Control may not delegate to another the authority to approve a voucher claim for the issuance of a warrant for payment.

The courts have also held the same thing, the latest decision perhaps being Webster et al v. Texas & Pacific Motor Transportation Co., et al, 166 S. W. (2) 75, where Mr. Chief Justice Alexander thus discusses and announces the rule:

"It is a well established rule in this State, as well as in other States, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiescence of, or agreement

by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient. * * *.

"The purpose of the above rule, which requires the board to act as a body at a regular meeting or at a called meeting, upon proper notice, is to afford each member of the body an opportunity to be present and to impart to his associates the benefit of his experience, counsel, and judgment, and to bring to bear upon them the weight of his argument on the matter to be decided by the Board, in order that the decision, when finally promulgated, may be the composite judgment of the body as a whole.

" * * *. Merely indulging the presumption of continuous session under these circumstances would not solve the problem of affording a reasonable opportunity to all members to be present. We are of the opinion that the application was not passed on by the Commission as a body, in the manner contemplated by law. * * *"

The duties imposed, and the powers conferred by law upon public officers and boards are personal -- a trust -- and may not be delegated by them to another, except, of course, in those instances where the statute expressly permits another to perform them, as in the familiar case of a deputy. Even deputies do not perform such duties through delegation by their superior, but in virtue of their own power under the statute.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 18, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

/s/ Ocie Speer

By          Ocie Speer
                Assistant

OS-MR-ELB

APPROVED
OPINION
COMMITTEE
By B.W.B.
Chairman